IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Drummond,                              )<br>                                                           )<br>          Plaintiff,                               )<br>                                                           )<br>vs.                                                      )<br>                                                           )<br>Jon E. Ozmint, Director of South Carolina )<br>Dept. of Corrections; Jenny Ardis,         )<br>Administrative Coordinator of Division of )<br>Health Services, Dept. Of Corrections;  )<br>Doctor Bearden; and Medical Corp. Inc., )<br>                                                           )<br>          Defendants.                           )<br>_____) | Civil Action No.: 8:10-cv-2423-TLW-JDA |

## ORDER

The plaintiff, Randy Drummond ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on September 16, 2010.  (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin to whom this case had previously been assigned.  (Doc. # 75).  In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment (Doc. # 28) and find the defendants' motion to dismiss for lack prosecution (Doc. # 44) moot.  (Doc. # 75).  The plaintiff filed objections to the Report.  (Doc. # 77).  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However,

1

the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 75). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 28) is **GRANTED**, the defendants' motion to dismiss for lack of prosecution (Doc. # 44) is **MOOT**, and this case is **DISMISSED** in its entirety. In addition, the plaintiff's motion to strike defendants Ozmint and Ardis (Doc. # 79) is **GRANTED**.[1]

**IT IS SO ORDERED**.

December 2, 2011                                                           s/Terry L. Wooten
Florence, South Carolina                                                  United States District Judge

---

[1] On October 25, 2011, the plaintiff filed a motion to amend his complaint to add South Carolina Department of Corrections Medical Director Doctor Moore as a defendant. (Doc. # 80). The defendants filed a response in opposition on October 28, 2011. (Doc. # 85). "Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Id. At the time the plaintiff moved to amend to add Doctor Moore as a defendant, this case had been pending for over a year and a Report and Recommendation had been issued recommending summary judgment be granted to the defendants. Therefore, after careful consideration, the Court finds it would be unduly prejudicial to the defendants to allow the plaintiff to amend the complaint at this late stage of the proceedings. The plaintiff's motion to amend (Doc. # 80) is **DENIED**.